476 P.2d 67

Dennis CHAVEZ and Teofilo Chavez d/b/a Bel View Motel, Appellant,

v.

COMMISSIONER OF REVENUE, Appellee.

No. 497.

Court of Appeals of New Mexico.

Oct. 9, 1970.

**98**

Monte Lee Sherrod, Albuquerque, for appellant.

James A. Maloney, Atty. Gen., Santa Fe, James C. Compton, Jr., Richard J. Smith, Asst. Attys. Gen., for appellee.

OPINION

OMAN, Judge.

The taxpayer appeals from a Decision and Order of the Commissioner holding receipts from the Atchison, Topeka and Santa Fe Railway Company during the period of February 1, 1966, to January 1, 1969, were subject to the Emergency School Tax Act, Gross Receipts and Compensating Tax Act, and municipal tax, and that these receipts were not deductible " * * * under either Section 72–16A–14(F), N.M.S.A. 1953 (Supp.1967), and applicable amendments thereto, * * * Section 72–16A–14.8, N.M.S.A.1953 * * *", or " * * * under any provisions of the Emergency School Tax Act." We reverse.

The pertinent stipulated facts are that the taxpayer, a partnership, owns the Bel View Motel, which had previously been operated by the taxpayer as a motel. During the period in question, the Bel View was " * * * leased on an annual basis to The Atchison, Topeka and Santa Fe Railway Company. Bel View [was] not open to the public." The only services provided by the taxpayer were "fresh clean linens" for the beds when used and the maintenance of the " * * * toilet and bathroom facilities in firstclass sanitary condition."

The stipulation does not in any way identify the persons who used the Bel View premises. However, reference is made in the stipulation to an affidavit by one of the partners. This affidavit is included in the record, is undisputed, and reference therein is made to these persons as employees of the lessee Railway.

In the Decision and Order of the Commissioner the moneys held to be subject to the stated taxes are referred to as " * * * receipts of the taxpayer from the lease of their rooms to the Atchison, Topeka and Santa Fe Railway Company * * *."

One fallacy in this conclusion lies in the fact that the taxpayer did not lease rooms to the Railway Company. It is true that at one place in the stipulation of facts refer-

ence is made to a request by the taxpayer for a ruling concerning its receipts from the " * * * lease to The Atchison, Topeka and Santa Fe Railway Company of the rooms in the Bel View Motel. * * * " However, as above quoted, and as appears in the very first paragraph of the stipulation of facts, " * * * Bel View Motel [was] leased on an annual basis to The Atchison, Topeka and Santa Fe Railway Company * * * ", and " * * * [was] not open to the public." We understand this to mean a lease of the entire motel premises and not a lease of rooms therein. In fact, at another point in the stipulation of facts it is stated: "The Bel View Motel premises are leased to * * * " the Railway. The rental paid for the motel premises was a fixed daily amount and had no relationship to the number of rooms actually occupied by the Railway employees, or by anyone else the Railway might permit to occupy the same, nor to the number of such occupants.

The only information in the record as to the number of rooms and beds in the Bel View is found in the aforementioned affidavit of one of the partners. This information is that there were 13 rooms and 22 beds. During the last six months of 1966, the average number of daily occupants was 5.5 persons. During 1967 this number was 4.7 persons. During 1968 this number was 6.2 persons. As above stated, these persons were apparently employees of the lessee Railway.

■ The Commissioner relies upon the rule announced in Spillers v. Commissioner of Revenue (Ct.App.), 82 N.M. 41, 475 P.2d 41, decided July 24, 1970, and Reed v. Jones, 81 N.M. 481, 468 P.2d 882 (Ct.App. 1970), that deductions or exemptions from a tax must be strictly construed in favor of the taxing authority, must be clearly and unambiguously expressed in the statute, and must be clearly established by the taxpayer claiming the right thereto. If a tax is clearly applicable, except for a statutory exemption, exception or deduction therefrom, the provision for the exemption, ex-

ception or deduction must be narrowly but reasonably construed. A tax statute must also be given a fair, unbiased, and reasonable construction, without favor or prejudice to either the taxpayer or the State, to the end that the legislative intent is effectuated and the public interests to be subserved thereby are furthered. Evco v. Jones [Commissioner of Revenue], 81 N.M. 724, 472 P.2d 987 (Ct.App.1970). In our opinion, the result we reach in reversing the Decision and Order of the Commissioner is consistent with these rules of construction.

■ Insofar as the Emergency School Tax Act [§§ 72–16–1 through 72–16–47, N.M.S.A.1953, as amended, (Repealed effective July 1, 1966)], is concerned, the Commissioner takes the position that the rent received by the taxpayer from the lessee Railway was income received by a hotel or rooming house from lodgers, guests, or roomers within the contemplation of the Act. The particular sections of the Act relied upon are § 72–16–1, supra, and a portion of § 72–16–4.10, supra. However, § 72–16–1, supra, was repealed by Laws of 1962 (S.S.) Ch. 17, § 4, and was not in force at the time in question. The portion of § 72–16–4.10, supra, relied upon provided:

"* * * None of the income received by hotels, campgrounds and rooming houses from lodgers, guests or roomers, shall be considered as real estate rentals, irrespective of the duration of the inhabitancy or occupancy of such lodger, guest or roomer."

As shown by the above recited facts, the premises here in question were not being operated by the taxpayer as a hotel or rooming house. They were leased to the Railway on an annual basis at a fixed rental, which had no relationship to whether the Railway Company let the rooms to lodgers, guests, or roomers. The rental received by the taxpayer was not " * * * income received * * * from lodgers, guests, or roomers * * * ", but was in-

come by way of rental received from the lessee Railway for the entire premises.

The fact that the taxpayer also furnished clean linens for the beds when used and kept the bath and toilet facilities clean, did not convert the taxpayer into the operator of a hotel or rooming house. All utilities and all other services were apparently furnished by the Railway. It was in charge of the operation and control of the premises. It determined who should occupy any room or other portion of the premises, when rooms or other portions of the premises should be so occupied, and the terms and conditions of the occupancy. At least the stipulation of facts states or clearly implies that the taxpayer had no right or responsibility to do more than to furnish the bed linens and to keep the bath and toilet facilities clean. For these two services and the use of the premises as lessee thereof, the Railway paid a fixed amount by way of rental.

■ Insofar as the Gross Receipts and Compensating Tax Act [§§ 72–16A–1 through 72–16A–19, N.M.S.A.1953 (Supp. 1969), (effective July 1, 1967 through remainder of period in question)] is concerned, the Commissioner relies particularly upon §§ 72–16A–2 and 72–16A–14(F), supra. Section 72–16A–14.8, supra, referred to in the Decision and Order, and quoted in part in both the brief in chief and the answer brief, was not applicable, since it was not enacted until after the expiration of the period in question.

The applicable portion of § 72–16A–2, supra, states that the purpose of the Act " * * * is to provide revenue for public purposes by levying a tax on the privilege of engaging in certain activities within New Mexico * * *."

Section 72–16A–14(F), supra, repealed by Laws of 1969, Ch. 144, § 35, insofar as here applicable, provided:

"F. Receipts from the sale of or leasing of real property, other than the receipts from the sale of or leasing of oil, natural gas or mineral interests exempted by section 12(T) [72–16A–12] of the Gross Receipts and Compensating Tax Act, may be deducted from gross receipts.

"No receipts received by hotels, motels, rooming houses, campgrounds, guest ranches, trailer parks or similar facilities from lodgers, guests, roomers or occupants shall be considered receipts from leasing real property for purposes of this subsection."

■ What has been said above concerning the inapplicability of § 72–16–4.10, supra, to the rental received by the taxpayer from the lessee Railway is largely applicable here. Instead of "income," as used in § 72–16–4.10, supra, the word "receipts" was used in § 72–16A–14(F), supra, but in the context in which these words were used in the respective acts, and particularly in the context of their applicability to the problem at hand, they are identical in meaning. In § 72–16A–14(F), supra, "occupants" were added to "lodgers, guests and roomers," and "motels" were added to the list of businesses whose receipts from the designated customers or users of the facilities of the named businesses were not to be considered as receipts from the leasing of real property. However, for the purpose of our discussion above as to the inapplicability of § 72–16–4.10, supra, we assumed, as urged upon us by the commissioner, that a "motel" came within the meaning of "hotel." Weiser v. Albuquerque Oil and Gasoline Company, 64 N.M. 137, 325 P.2d 720 (1958).

The Commissioner urges that the Railway was a guest within the contemplation of that term as used in the statutes, and cites as authority for this position, on a compare basis, Moody v. Kenny, 153 La. 1007, 97 So. 21 (1923). We fail to find anything in the opinion of that case which suggests any support for the Commissioner's contention. We likewise fail to find anything in the opinion in Crapo v. Rockwell, 48 Misc. 1, 94 N.Y.S. 1122 (1905), which supports the assertion in the brief in chief that: " * . * * It is beyond the realm of logical comprehension and common under-

standing not to continue to classify the premises in question as a hotel operation. * * *" In any event, if the premises in question were being conducted as a hotel operation, the Railway and not the taxpayer was the operator thereof.

In our opinion the lessee Railway was not a lodger, guest, roomer or occupant of the Bel View within the context of these terms as used in the statute, since the taxpayer was not operating the Bel View in any capacity, and particularly not in the capacity of a motel. The premises were no longer open to the public, but had been leased to the Railway, who was then in possession and control of it as lessee thereof.

The Commissioner further urges that the deletion from § 72–16A–14(F), supra, of the words, "irrespective of the duration of the inhabitancy or occupancy," which appeared in § 72–16–4.10, supra, indicates a legislative intent to limit the scope of the deduction, as did the Commissioner's administrative interpretation thereof in Gross Receipts and Compensating Tax Regulation 14–2(F)–2, effective September 22, 1967. He quotes the following two examples which are represented as being explanatory of the said regulation:

"(A) X has lived at the La Posta Motel for fifteen years. He rents his room from the motel for $1,200.00 per year payable in twelve monthly installments. La Posta contends that the rental is a rental of real estate and is deductible for the purposes of computing its tax liability under the gross receipts tax. The receipts which La Posta receives from X are not deductible. The receipts of motels from the rental of rooms is (sic) not deductible.

"(B) B owns a trailer park. He assigns trailer spaces to the owners of trailers and charges them $40.00 per month to park their trailer in the assigned space. The $40.00 fee is not deductible."

We fail to see how the elimination of the above quoted language from § 72–16A–14 (F), supra, or how anything stated in the regulation, and particularly in the two explanatory examples, indicates any legislative, or administrative, intent to limit or deny, as a proper deduction from the taxpayer's gross receipts, the rental paid by the lessee Railway for the lease of the entire premises of the Bel View Motel.

To adopt the position of the Commissioner would be to effectively remove from the clearly stated exemption in the first paragraph of § 72–16A–14(F), supra, rentals derived from the lease of hotel, motel, rooming house, camp ground, guest ranch and trailer park premises, as well as the rental from other real property on which were erected similar facilities. The receipts, which the statute declared were not "receipts from leasing real property," were clearly intended to mean the moneys or rentals normally received by operators of hotels, motels, rooming houses, camp grounds, guest ranches, trailer parks and similar facilities, when being operated as such facilities in their customary and ordinary manner, from the lodgers, guests, roomers and occupants thereof.

It follows from what has been said that the Decision and Order of the Commissioner from which this appeal was taken must be reversed.

It is so ordered.

SPIESS, C. J., and HENDLEY, J., concur.