493 P.2d 963

**William F. ROCK, Appellant,**

v.

**COMMISSIONER OF REVENUE, Appellee.**

**No. 730.**

Court of Appeals of New Mexico.
Jan. 21, 1972.

Reginald J. Garcia, Simms & Garcia, Albuquerque, for appellant.

David L. Norvell, Atty. Gen., Curtis W. Schwartz, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

WOOD, Chief Judge.

The issue is the liability of a jockey for gross receipts tax on a share of the purse received after riding a winning mount in a horse race in September 1969 and, thus, prior to the enactment of § 72–16A–12.28, N.M.S.A.1953 (Repl.Vol. 10, pt. 2, Supp. 1971). Rock, a licensed jockey, was paid 10% of the purse. He reported the amount but protested any gross receipts tax liability on the amount received. Section 72–13–37, N.M.S.A.1953 (Repl.Vol. 10, pt. 2, Supp.1971). The Commissioner of Revenue denied the protest; Rock appeals directly to this court. Section 72–13–39, N.M.S.A.1953 (Repl.Vol. 10, pt. 2, Supp. 1971). Rock claims the Commissioner's

decision was erroneous because he was an employee. An alternative claim concerning joint venture was abandoned at oral argument.

If Rock were an employee, he would be entitled to the exemption for employees provided by § 72–16A–12.5, N.M.S.A.1953 (Repl.Vol. 10, pt. 2, Supp.1971).

■ The facts on which Rock's claim rests were stipulated. The pertinent ones are:

"6. By agreement between the New Mexico horsemen and the Jockeys' Guild, jockey mount fees are definitely fixed and vary according to the purse and the position in which the jockey finishes, the fees being classified as winning mount, second mount, third mount and losing mount.

"7. · By established custom in the State of New Mexico the horse owner pays the jockey on his winning mount 10% of the purse. The amount of tax protested by Exhibit B arose as a result of Taxpayer's receipts from the 10% of the purse paid him after he rode a winning mount or winning mounts.

"8. A horse owner is not required to:

a) withhold income tax from the jockey's share of the purse,

b) pay F.I.C.A. tax, or

c) make unemployment insurance contributions for the jockey.

"9. A jockey, during the course of a racing day, may ride in several races. Frequently a jockey rides various different horses, each of which may have a different owner.

"10. A jockey handles a race horse from the time he leaves the paddock until the jockey dismounts after the race. Jockeys, not infrequently, gallop or exercise horses which they are to ride in a race to familiarize themselves with the characteristics of the horse."

Rust Tractor Co. v. Bureau of Revenue, 82 N.M. 82, 475 P.2d 779 (Ct.App.1970) states:

"All facts before the Commissioner and relating to both questions were stipulated. Accordingly, if but one inference can reasonably be drawn from the stipulated facts a question of law is presented and a finding of the Commissioner to the contrary is not binding on the reviewing court. If, however, more than one inference can reasonably be drawn then the finding of the Commissioner is conclusive. * * * "

The type of control essential to an employer-employee relationship has been stated in numerous New Mexico decisions. See Candelaria v. Board of County Commissioners, 77 N.M. 458, 423 P.2d 982 (1967); Roybal v. Bates Lumber Company, 76 N.M. 127, 412 P.2d 555 (1966); Mendoza v. Gallup Southwestern Coal Co., 41 N.M. 161, 66 P.2d 426 (1937), and cases cited in the three decisions. The facts in quoted Paragraphs 8, 9 and 10 are not such that the only reasonable inference is that the jockey is an employee under the above cited cases. Considered in the light most favorable to Rock, more than one inference can be drawn from the stipulated facts. Compare Mittag v. Gulf Refining Company, 64 N.M. 38, 323 P.2d 292 (1958). Therefore, the Commissioner's decision that Rock was not entitled to the employee exemption is binding.

■ Decisions holding a jockey is an employee for workmen's compensation purposes do not require a different result. See Moore v. Clarke, 171 Md. 39, 187 A. 887, 107 A.L.R. 924 (1936); Biger v. Erwin, 57 N.J. 95, 270 A.2d 12 (1970); Gross v. Pellicane, 65 N.J.Super. 386, 167 A.2d 838 (1961). These decisions concerning jockeys were based on a determination that the workmen's compensation law was to be liberally construed to provide compensation. Compare Graham v. Miera, 59 N.M. 379, 285 P.2d 493 (1955). Such an approach is not applicable. Where, as here, an exemption from taxation is claimed, the exemption is to be strictly construed in favor of the taxing authority. The exemption must be clearly established by the tax-

payer claiming the right thereto. Chavez v. Commissioner of Revenue, 82 N.M. 97, 476 P.2d 67 (Ct.App.1970) and cases therein cited. The stipulated facts do not clearly establish that Rock was entitled to the exemption for employees.

The decision of the Commissioner denying the protest is affirmed.

It is so ordered.

HENDLEY and COWAN, JJ., concur.

SUTIN, J., not participating.