497 P.2d 233

Taxpayer Seferino E. MARTINEZ, Appellant,

v.

Franklin JONES, Commissioner of the Bureau of Revenue, State of New Mexico, Appellee.

No. 715.

Court of Appeals of New Mexico.
April 7, 1972.

Rehearing Denied May 1, 1972.

Certiorari Denied June 9, 1972.

John N. Patterson, Fred M. Standley, Standley, Witt & Quinn, Santa Fe, for appellant.

David L. Norvell, Atty. Gen., Santa Fe, John E. Owens, Agency Asst. Atty. Gen., for appellee.

## OPINION

SUTIN, Judge.

Martinez was assessed a gross receipts tax, penalty and interest, and appeals.

We affirm.

Martinez claims, (1) the decision and order should be set aside because it is not in accordance with the law; and (2) the decision and order should be set aside because it is arbitrary and capricious, and not supported by substantial evidence.

The statute involved herein is § 66, ch. 144, Laws of 1969. It reads as follows:

Section 66. *Temporary Provision.*— By regulation, the commissioner shall provide a system for *the registration of contracts entered into prior to the passage of this act which do not permit an increase in price to cover an increase in the gross receipts and compensating tax rate* or the elimination of an exemption or deduction allowed in the Gross Receipts and Compensating Tax Act. Receipts from contracts registered with the commissioner shall be taxed according to the laws existent prior to the effective date of this act. Receipts from the sale of services or materials incorporated into a construction project, the contract for which is registered with the commissioner, shall be treated as receipts from sales made under the law as it existed prior to the effective date of this act. [Emphasis added.]

Pursuant to this statute, the Commissioner of Revenue promulgated G.R. 66–1 which provides in part:

a. *Application for Registration.* If the prime contractor elects to register a prime contract or construction project, application for registration must be mailed by him on or before July 1, 1969, unless an extension is granted by the Commissioner. Form GRS–25 or a reproduction of it, a copy of which is attached to and made a part of this temporary regulation, shall be used for such application. All information required by Form GRS–25 must be furnished. The prime contractor shall, at the request of the Bureau of Revenue, furnish a copy of the contract or any other related information to the Bureau of Revenue.

b. *Acceptance or Rejection of Application.* The prime contractor will be furnished with a copy of his application for registration by the Bureau of Revenue, upon which copy the Bureau will indicate whether or not the contract has been accepted for registration.

Martinez attacks the validity of the above regulation as well as the decision and order of the Commissioner. Because of the state of the record, we cannot reach the contentions made.

The issue is whether Martinez' receipts under a contract with the State Highway Department were to be taxed at a lower rate under a pre-1969 tax act or at a higher tax rate established by the 1969 Gross Receipts and Compensating Tax Act. Sections 72–16A–1 through 72–16A–34, N.M. S.A.1953 (Repl.Vol. 10, pt. 2, Supp.1971).

The Commissioner taxed Martinez under the new tax rate of the 1969 Act. Martinez protested. He had the burden of showing the assessment was erroneous. McConnell v. State ex rel. Bureau of Revenue, 83 N.M. 386, 492 P.2d

1003 (Ct.App.1971); Spillers v. Commissioner of Revenue, 82 N.M. 41, 475 P.2d 41 (Ct.App.1970); see Kaiser Steel Corp. v. Property Appraisal Department, 83 N.M. 251, 490 P.2d 968 (Ct.App.1971).

Martinez neither offered in evidence his contract with the State Highway Department, nor did he prove the essential provisions of the contract. We do not know whether his contract did "not permit an increase in price to cover an increase in the gross receipts and compensating tax rate" as provided in § 66, Temporary Provision, supra.

Until it is shown that the contract could be properly registered under § 66, supra, the question of the validity of the system of registration is premature.

Affirmed.

It is so ordered.

WOOD, C. J., and COWAN, J., concur.