607 P.2d 628

Joseph D. MURPHY and Elaine M. Murphy, his wife, Appellants,

v.

TAXATION AND REVENUE DEPARTMENT, State of New Mexico, formerly known as the Bureau of Revenue, Appellee.

No. 3682.

Court of Appeals of New Mexico.

May 8, 1979.

James B. Alley, Jr., Mitchell, Alley & Rubin, Santa Fe, for appellants.

Jeff Bingaman, Atty. Gen., Daniel H. Friedman, Sp. Asst. Atty. Gen., Santa Fe, for appellee.

PER CURIAM.

Motion for Rehearing having been granted, the former opinion is withdrawn and the following opinion substituted.

## OPINION

SUTIN, Judge.

Taxpayers are residents and domiciliaries of the District of Columbia (The District) with income derived from the State of New Mexico. Taxpayers paid an income tax to The District on their New Mexico income and claim a credit against this New Mexico income tax as provided for in § 7–2–19, N.M.S.A.1978 of "The Income Tax Act." The Director of Revenue denied taxpayers any credit because reciprocity was not accorded New Mexico residents with income derived from The District. Taxpayers appeal. We affirm.

This is a matter of first impression. No judicial authority was submitted and none have been found which settle this issue among the states. This opinion must be reached with use of an optical maser in a review of the laws of New Mexico and The District. The Director admits that paying a tax on the same income to both New Mexico and The District "is not an appetizing prospect and it is tempting to view the taxpayers in isolation and grant them the relief they seek." The duty of New Mexico and that of The District is to avoid harsh treatment for their respective domiciliaries if reciprocity can be found in their respective statutes. We do not focus our attention solely on the taxpayers. We are concerned with what harsh treatment a New Mexico taxpayer might receive in The District.

Realistically, double taxation is the final act or epilogue in our search for the elements of reciprocity. Taxpayers believe reciprocity exists. The Director does not, the reason being that New Mexico taxpayers will pay taxes into the coffers of The District on income derived in The District.

Therefore, taxpayers should be required to pay their taxes into the coffers of this State.

■ Reciprocity is uncertain. We must seek out a reasonable interpretation of the respective statutes of The District and of New Mexico to make a final determination. The question for decision is:

Are taxpayers entitled to claim credit on their New Mexico income tax returns for the tax they paid The District on the same income?

Section 7–2–19, N.M.S.A.1978 reads:

Whenever a nonresident individual taxable under this Income Tax Act has become liable for income tax to the state where he resides * * * derived from sources within this state and subject to taxation under this Income Tax Act, the amount of income tax payable by him under this act shall be credited with such * * * tax so payable by him to the state where he resides * * * *provided, that such credit shall be allowed only if the laws of said state grant a substantially similar credit to residents of this state* subject to income tax under such laws, *or impose a tax upon the personal incomes of its residents derived from sources in this state and exempt from taxation the personal incomes of residents of this state.* * * * [Emphasis added.]

" '[N]onresident' means every individual not a resident of this state." Section 7–2–2(Q).

" '[R]esident' means an individual who is domiciled in this state during any part of the taxable year; but any person who, on or before the last day of the taxable year, changed his place of abode to a place without this state with the bona fide intention of continuing actually to abide permanently without this state is not a resident for the purposes of the Income Tax Act." Section 7–2–2(P).

Taxpayers, being nonresidents, are domiciliaries of The District. Residents in New Mexico are domiciliaries of this State for purposes of this opinion.

As paraphrased, § 7–2–19 means:

A District taxpayer is entitled to a credit, IF:

(1) The District gives a New Mexico taxpayer a substantially similar credit that New Mexico gives to a District taxpayer. In other words, New Mexico will treat a District taxpayer in the same way that The District treats a New Mexico taxpayer under the same circumstances. It is a matter of quid pro quo;

or

(2) The District exempts a New Mexico taxpayer from payment of a tax on income derived in The District. In other words, a New Mexico taxpayer shall not pay any tax into the coffers of the District.

To illustrate by way of example:

A, domiciled in The District, derives income from sources in New Mexico. B, domiciled in New Mexico, derives income from sources in The District. A is entitled to a credit in New Mexico, IF:

(1) B is entitled to a substantially similar credit in The District;

or

(2) The District does not tax B on its income derived from The District.

Do The District laws satisfy either of the conditions set forth in the proviso?

To avoid confusion in the use of terminology, we quote the pertinent part of § 47–1567d, D.C.Code (1973), entitled "Credits against tax" enacted in The District.

The amount of tax payable * * * by an individual who, although a resident of the District of Columbia as defined in this subchapter, was nevertheless a bona fide domiciliary of any State * * * during the taxable year *shall be reduced by the amount required to be paid* by such individual *as income * * * taxes * * * for such taxable year to the State * * ** of which he was a domiciliary. * * * [Emphasis added.]

A "resident" and "nonresident" are defined in § 47–1551c(s) and (t), D.C.Code (1973) as follows:

(s) The word "resident" means every individual domiciled within the District on the last day of the taxable year, *and every other individual who maintains a place of abode within the District for more than seven months. * * *.* [Emphasis added.]

(t) The word "nonresident" means every individual other than a resident.

An individual who maintains an abode for *less* than seven months of the taxable year, is a nonresident, not a resident.

As paraphrased, § 47–1567d means:

The District grants a credit (by reducing the amount to be paid) to a New Mexico taxpayer and exempts from taxation only the New Mexico taxpayer who lives in The District more than 7 months. If he lives in the District less than 7 months, he is not entitled to a credit nor is he exempt from taxation.

Essentially, the only factor that denies a New Mexico taxpayer a credit is the residence period less than seven months. The District declares that if a New Mexico taxpayer acquires a fixed abode in The District for less than seven months, he shall pay the tax. He shall *not* receive a credit. He should fare no better than a District domiciliary *and pay the tax. Wood v. Tawes,* 181 Md. 155, 28 A.2d 850 (1942). New Mexico declares that a District taxpayer who fixes an abode in New Mexico for less than seven months, *shall* receive a credit and not pay the tax.

The only case discovered which bears directly on this issue is *Bowring v. Bowers,* 24 F.2d 918 (2nd Cir. 1928). Bowring, an alien Englishman, with a fixed abode in the United States, protested the payment of income taxes received from sources outside the United States. American citizens domiciled in England were subject to a tax on all their income from sources in the United States when living in England for only six months. For lack of reciprocity, a directed verdict in favor of the government was affirmed.

Section 222(a)(3) of the Internal Revenue Act then in force reads:

The tax computed under Parts I and II of this title shall be credited with:

\* \* \* \* \* \*

(3) In the case of an alien resident of the United States [who is a citizen or subject of a foreign country,] the amount of any such taxes paid during the taxable year to such country, upon income derived from sources therein, if such country, in imposing such taxes, allows a similar credit to citizens of the United States residing in such country.

Judge Augustus Hand said:

[T]he hardship of the double taxation would have been prevented by reason of section 222(a)(3) of the Revenue Act, if Great Britain, the country of which the plaintiff is a citizen, had allowed to citizens of the United States residing there a credit of taxes paid by them in the United States upon their taxes paid in Great Britain, but there has been no such reciprocal legislation. In the case of our own citizens domiciled elsewhere, we exact income taxes upon their entire income, from whatever source derived. [Citation omitted.] While this legislation is severe, and as a matter of economic policy may not be sound, it is hard to see why aliens who have acquired a fixed abode here should fare better. Our citizens domiciled abroad would be generally subjected to a tax on all their income by the country in which they live, *and even when living in England only six months are liable to pay taxes on all income received there.* [Emphasis added.] [24 F.2d at 923.]

Reference is made in *Bowring, supra,* to § 350 of the New York Income Tax Law, largely based on federal acts. Section 350 defines a "resident" as "any person domiciled in the state of New York, and any other person who maintains a permanent place of abode within the state, *and spends in the aggregate more than seven months of the taxable year within the state.*" [Emphasis added.] [24 F.2d at 921.]

■ Tax credits are strictly matters of legislative grace and are to be construed against the taxpayer. *Christman v. Franchise Tax Bd.,* 64 Cal.App.3d 751, 134 Cal. Rptr. 725 (1976). This is also true where exemptions are claimed. *Clement v. Stone,* 195 Miss. 774, 15 So.2d 517 (1943), 152 A.L.R. 742 (1944); *Rock v. Commissioner of Revenue,* 83 N.M. 478, 493 P.2d 963 (Ct.App. 1972).

Section 222(a)(3) of the Internal Revenue Code was deleted in 1977. 26 U.S.C.A. § 901(b) and (c), as amended by § 106(b)(1) of the Foreign Investors Tax Act of 1977, Pub.Law 89–809, p. 1539 at 1568, being 26 U.S.C.A. § 906.

Taxpayers rely on information on the Maryland tax form and from Virginia information that reciprocal states include New Mexico and The District. We note that Maryland's income credit statute and residence requirement is identical with that of The District. *See,* 7B Annotated Code of Maryland 1957, Art. 81, §§ 279 and 291. In Virginia, the residence requirement is 183 days of the taxable year. *See* 8A Code of Virginia 1950, §§ 58–151.02(e)(1)(i) and 58–151.015. We do not accept these information sheets as adjudicatory.

The tax status of the multistate taxpayer today is often characterized by uncertainty, unfairness, and considerable confusion. The vexing question is: How should the states strike the balance between the ever increasing need for revenue and the demand by nonresidents for fair treatment? The answer is: a multistate compact wherein all nonresidents are given a credit for income derived from, and the tax paid, at the source of the income.

The purpose of the credit is to avoid double taxation of nonresidents—to avoid taxation of one's revenue by more than one state. Our legislature proposed to our sister states that if they would exempt our residents from an income tax that their own residents are required to pay, then New Mexico would exempt their residents from the payment of the income tax that our residents are required to pay. The District did not strike the balance.

Affirmed.

IT IS SO ORDERED.

LOPEZ and WALTERS, JJ., concur.