This decision was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of non-precedential dispositions. Please also note that this electronic decision may contain computer-generated errors or other deviations from the official paper version filed by the Supreme Court.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**TILLER DESIGN,**

    Protestant-Appellant,

**v.**                              No. A-1-CA-36090

**NEW MEXICO TAXATION AND**
**REVENUE DEPARTMENT,**

    Respondent-Appellee,

**IN THE MATTER OF THE PROTEST**
**OF TILLER DESIGN TO ASSESSMENT**
**ISSUED UNDER LETTER ID**
**NO. L0894277680.**

**APPEAL FROM ADMINISTRATIVE HEARINGS OFFICE**
**Brian VanDenzen, Chief Hearing Officer**

NM Financial Law, P.C.
Don F. Harris
Albuquerque, NM

for Appellant

Hector Balderas, Attorney General
Peter Breen, Special Assistant Attorney General
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**BOGARDUS, Judge.**

**{1}** Tiller Design (Taxpayer) appeals from a decision and order of the Administrative Hearings Office (AHO) upholding the New Mexico Taxation and Revenue Department's (the Department) assessment of gross receipts tax under the Gross Receipts and Compensating Tax Act, NMSA 1978, §§ 7-9-1 to -116 (1966, as amended through 2019), on its receipts from the short-term vacation rental of its homes and interest on the tax owed. The issue presented in this appeal is whether receipts received from lodgers for vacation rentals of homes are subject to the gross receipts tax. We conclude that they are and therefore affirm the decision and order.

**BACKGROUND**

**{2}** In 2012, Taxpayer owned and rented out two single-family homes in the Albuquerque area through Vacation Rental by Owner/HomeAway's (VRBO) website. Taxpayer entered into rental agreements with the renters and charged fees and taxes in exchange for their use of the entire rented home's property. Renter stays averaged five to seven days, and no stay lasted thirty days or longer.

**{3}** In 2015, the Department assessed Taxpayer for gross receipts tax on receipts from Taxpayer's 2012 rentals of the properties and a penalty and interest

associated with the nonpayment. Taxpayer protested the assessment, claiming that a Department regulation, 3.2.116.10 NMAC, which pertains to leases of three or fewer units of real property, exempted it from the tax. After a hearing on the matter, the hearing officer determined that (1) 3.2.116.10 NMAC did not apply to Taxpayer and therefore Taxpayer was liable for the assessed tax and interest; and (2) Taxpayer's reliance on the exemption contained in 3.3.116.10 NMAC was reasonable and made in good faith and as such Taxpayer was not liable for a civil negligence penalty under NMSA 1978, Section 7-1-69 (2008).

**DISCUSSION**

{4}     On appeal, Taxpayer continues to assert that the Department's assessment of gross receipts tax is incorrect because Taxpayer is exempt from the gross receipts tax as provided under 3.2.116.10 NMAC. The Department maintains that the regulation does not apply to Taxpayer. Taxpayer further argues that the assessment is incorrect because its receipts are subject to the rental deduction specified in Section 7-9-53. The Department, meanwhile, argues that the receipts fall under an exclusion to the deduction, thereby making them subject to the tax.

**I.      Standard of Review and Presumptions**

{5}     A taxpayer may appeal a decision and order of the AHO for further relief, but we may set aside the decision and order only if it is "(1) arbitrary, capricious or

an abuse of discretion; (2) not supported by substantial evidence in the record; or (3) otherwise not in accordance with the law." NMSA 1978, § 7-1-25(C) (2015).

**{6}** The parties to this case do not dispute the hearing officer's findings of fact, but rather the meaning of the statutes in the Gross Receipts and Compensating Tax Act and related regulations that guided his conclusions of law. We, in turn, must interpret those statutes and regulations. Accordingly, we adhere to a de novo standard in our review. *Quantum Corp. v. State Taxation & Revenue Dep't*, 1998-NMCA-050, ¶ 8, 125 N.M. 49, 956 P.2d 848. Nonetheless, "in state taxation cases, although we apply the de novo standard, we consider the issues through the lens of a presumption that the Department's assessment is correct." *Corr. Corp. of Am. v. State*, 2007-NMCA-148, ¶ 17, 142 N.M. 779, 170 P.3d 1017; *see also* NMSA 1978, Section 7-1-17(C) (2007) ("Any assessment of taxes or demand for payment made by the department is presumed to be correct.").

**{7}** Additional principles guide our review. First, the Gross Receipts and Compensating Tax Act establishes a presumption that all receipts are taxable. Section 7-9-5(A). Second, when, as here, we construe a statutory exception to a tax, we do so strictly in favor of the taxing authority. *Chavez v. Comm'r of Revenue*, 1970-NMCA-116, ¶ 7, 82 N.M. 97, 476 P.2d 67.

**II.    Taxpayer's Receipts Are Not From the Lease of Real Property and May Not Be Deducted From Gross Receipts Under Section 7-9-53**

**{8}** Taxpayer chiefly contends that it is exempted from gross receipts tax liability under 3.2.116.10 NMAC. The regulation relieves a taxpayer that leases three or fewer rental units of real property from having to register with, and report to, the Department for gross receipts tax purposes. Taxpayer argues that the regulation exempts it from the tax because Taxpayer was leasing only two rental units of real property. Before discussing the regulation, we first turn to Section 7-9-53, the statutory provision governing the deduction from gross receipts of receipts from the sale or lease of real property. We then resume our discussion of the regulation.

**{9}** In construing Section 7-9-53, "we seek to give effect to the Legislature's intent, and in determining intent we look to the language used[.]" *Valenzuela v. Snyder*, 2014-NMCA-061, ¶ 16, 326 P.3d 1120 (internal quotation marks and citation omitted). "In addition, we . . . read the entire statute as a whole so that each provision may be considered in relation to every other part." *Id.* (internal quotation marks and citation omitted). Overall, "[o]ur duty is to find that interpretation which can most fairly be said to be imbedded in the statute in the sense of being most harmonious with its scheme and with the general purpose that the Legislature manifested." *Pittsburgh & Midway Coal Mining Co. v. Revenue Div., Taxation & Revenue Dep't*, 1983-NMCA-019, ¶ 56, 99 N.M. 545, 660 P.2d 1027.

{10}     The pertinent provisions of Section 7-9-53 read as follows. The text pertaining to this portion of our discussion appears in italics.

> Deduction; gross receipts tax; sale or lease of real property and lease of manufactured homes.
>
>     A.     *Receipts from the lease of real property* and from the lease of a manufactured home as provided in Subsection B of this section . . . *may be deducted from gross receipts.*
>
>     B.     Receipts from the rental of a manufactured home for a period of at least one month may be deducted from gross receipts. *Receipts received by hotels, motels, rooming houses, campgrounds, guest ranches, trailer parks or similar facilities*, except receipts received by trailer parks from the rental of a space for a manufactured home or recreational vehicle for a period of at least one month, *from lodgers, guests, roomers or occupants are not receipts from leasing real property for the purposes of this section*.

(Emphasis added.)

{11}     In other words, generally, receipts from the "lease of real property" may be deducted, but receipts from the types of payers listed (e.g., lodgers) received by the property types listed (e.g., hotels) are not "receipts from leasing real property" and therefore may not be deducted.

{12}     Taxpayer argues that its receipts (1) are from *leases* of real property; and (2) do not fall under Subsection (B)'s exclusion for receipts received by "hotels, motels, rooming houses . . . or similar facilities[.]" Conversely, the Department argues that the receipts (1) are from *licenses* to use real property, not *leases* of real property; and (2) do fall under Subsection (B)'s exclusion.

6

{13} The legal distinction between a "lease" and a "license" in Section 7-9-53's broad context is material. For purposes of Subsection (A), the gross receipts tax's imposition might turn on the distinction, which explains Taxpayer's efforts to bring to our attention characteristics of its rental activities commonly associated with leases of real property. We have previously resolved questions similar to the one presented here by labeling an agreement a "lease" or a "license"; recognizing that, under Section 7-9-3(E), "the granting of a license to use property is licensing and is not a lease"; and deciding accordingly whether the deduction applied to the receipts at issue. But the receipts at issue in those cases clearly fell outside the scope of Subsection (B) of Section 7-9-53. In *Quantum*, 1998-NMCA-050, ¶ 1, the receipts at issue were from agreements with non-profit organizations to use space for bingo games. In *Grogan v. New Mexico Taxation & Revenue Department*, 2003-NMCA-033, ¶ 8,133 N.M. 354, 62 P.3d 1236, the receipts at issue were from shelf-display contracts with cigarette manufacturers. And in *Corrections Corp. of America*, 2007-NMCA-148, ¶ 1, the receipts at issue were from agreements with governmental agencies to incarcerate prisoners.

{14} Here, the receipts at issue are from so-called rentals of short-term vacation properties, a type of facility more akin to those expressly covered by Subsection (B)'s exclusion. The question before us, then, is: Do the particular characteristics of vacation rental homes qualify them as "similar facilities" to hotels, motels,

rooming houses, campgrounds, guest ranches, and trailer parks within the meaning of Section 7-9-53(B)?

{15}     Taxpayer asserts that a short-term vacation rental home is not a "similar facility" because, in contrast to the other property types listed, a vacation rental home is not a multi-unit facility within a single property and does not feature common areas for occupants. Though a short-term vacation rental home might differ from the listed properties in these respects, nothing in the statute indicates that the Legislature based the deduction's classification on such features as number of units or the presence of common areas.

{16}     Rather, as Judge Sutin observed in *Hawthorne v. Director of Revenue Division Taxation & Revenue Department*, the Legislature based the classification on transient use and tenancy. *See* 1980-NMCA-071, ¶ 17, 94 N.M. 480, 612 P.2d 710 (Sutin, J., dissenting). As is the case here, *Hawthorne* implicated Subsection (B)'s provisions. *See id.* ¶ 2. *Hawthorne* concerned the deduction's application to units within a motel-type complex allegedly used as apartments, though the Court did not rule on that issue. Instead, it concluded that there was insufficient evidence to support a finding that the units were used as apartments, rather than motel rooms. Nonetheless, the Court suggested that receipts from rentals of the units, if used as apartments, would qualify for the deduction. *Id.* ¶¶ 5-6. Expanding on that notion in his dissent, Judge Sutin remarked: "[c]ommon sense dictates that the

8

[L]egislature made a reasonable classification. It taxed gross receipts from the transient use of a motel and allowed the deduction of gross receipts from a leased or rented apartment." *Id.* ¶ 17. We agree that a common sense approach suggests looking to the transient nature of the arrangements to determine whether Subsection (B)'s exclusion applies.

{17}     Section 7-9-53's application to manufactured home rentals reinforces that the Legislature based Subsection (B)'s classification on the distinction between transient use and tenancy. Specifically, Subsection (B) extends the deduction to receipts from a manufactured-home lease—but only if the rental is for a month or more. Meanwhile, receipts received by a trailer park from the rental of a space for a manufactured home or recreational vehicle for at least a month may be deducted; the same receipts for any shorter period may not. *See* § 7-9-53(B). These provisions establish that, in the manufactured home context, the deduction is available for situations closely resembling tenancies, but not for transient stays. In short, while the lease-license distinction might correlate with the deduction, it does not neatly define it. Rather, the Legislature based the Subsection (B) exclusion on transient-use, an attribute typical of and common to the property types listed in that subsection.

{18}     Homes, when used as short-term vacation rentals, fit comfortably into the "similar facilities" classification. A person, perhaps planning a vacation, who

9

needs transient lodging—not a place to take up residence—might consider renting a room in a hotel, a space at a campground, a cabin at a guest ranch, or, as is increasingly common, another person's home marketed as a vacation rental.

{19} Taxpayer's rental arrangements share other features common to hotels, motels, rooming houses, campgrounds, guest ranches, and trailer parks when those properties are operated as transient-use lodging facilities. Like operators of those facilities typically do, Taxpayer solicited and accepted reservations from the public for guest stays each lasting a matter of days or weeks. Taxpayer's online solicitations included lists of the accommodations' amenities, and Taxpayer entered into written agreements directly with its renters. The agreements specified check-in and check-out dates and times and included, among other provisions, reservation-deposit, cancellation, non-smoking, guest-limitation, and no-pet provisions. Taxpayer charged rental fees, cleaning fees, and taxes for each of the rentals. During the rental periods, Taxpayer provided a set of keys to renters, kept a set of keys, and addressed property maintenance issues. These commonalities between Taxpayer's rentals and those of properties in the exclusion category qualify Taxpayers' vacation rental homes as "similar facilities"—particularly when that term is construed strictly in favor of taxation. *See Chavez*, 1970-NMCA-116, ¶ 7.

{20} We reject Taxpayer's attempts to portray the successive, transient occupancy arrangements involved here as tenancies, and we agree with the hearing officer who found several facts undermining the assertion, including: (1) aside from the smoking, guest-occupancy, pet, and large-gathering provisions, "[t]he rental agreements were . . . silent on the renters' dominion or lack thereof over the property during the rental period"; and (2) "the rental agreements were silent on Taxpayer's rights to enter the premise during the rental period, to inspect the premise, to cancel or terminate the agreement or otherwise take possession of the property upon notice or eviction."

{21} We conclude that Taxpayer's receipts were from lodgers or occupants and were for the use and occupancy of "similar facilities" as that term is used in Section 7-9-53(B). Therefore, the receipts are not "[r]eceipts from the lease of real property" under Section 7-9-53(A). Consequently, they may not be deducted from Taxpayer's gross receipts.

## III. 3.2.116.10 NMAC Does Not Exempt Taxpayer From the Gross Receipts Tax

{22} We next consider whether 3.2.116.10 NMAC overrides the plain language of Section 7-9-53 and thus applies to Taxpayer. In so doing, we bear in mind that "taxation is the rule[,] and the claimant for an exemption must show that [the claimant's] demand is within the letter as well as the spirit of the law." *Sec. Escrow*

11

*Corp. v. State Taxation & Revenue Dep't*, 1988-NMCA-068, ¶ 10, 107 N.M. 540, 760 P.2d 1306.

{23} 3.2.116.10 NMAC reads as follows:

> PERSONS HAVING THREE OR FEWER RENTAL UNITS:
> Any person who rents or leases three or fewer rental units of real property is not regularly engaged in the business of leasing real property for the purposes of Sections 7-9-28 and 7-9-53 NMSA 1978. Such a person need not register with the [Department] for gross receipts tax purposes nor report the receipts if there are no other receipts, but the person may be required to register to report another tax.

{24} Taxpayer's demand that the exemption be applied is not within the letter of the law. Along with other sections in its part, 3.2.116.10 NMAC is intended to "interpret, exemplify, implement and enforce the provisions of the Gross Receipts and Compensating Tax Act." 3.2.116.6 NMAC. The regulation uses Section 7-9-53's phrase "leasing real property" to define a category of taxpayer not "regularly engaged in the business of leasing real property." As discussed, under Section 7-9-53, which the regulation interprets, Taxpayer's receipts are not "receipts from leasing real property." Taxpayer, then, is not engaged in the business of leasing real property. Because the regulation pertains only to those engaged in that business, the regulation does not apply to Taxpayer.

{25} Nor is Taxpayer's demand within the spirit of the law. As discussed, Section 7-9-53 reflects the Legislature's intent to impose the gross receipts tax on transient-use real property rentals, like Taxpayer's. The regulation, promulgated

12

under the authority given the Department by the Legislature, cannot override that intent. *See* 2 Norman J. Singer & J.D. Shambie Singer, *Statutes and Statutory Construction* § 36:3, at 61 (7th ed. 2009) (articulating as a principle of legislative enactments hierarchy that an administrative regulation ranks below a statute in order of precedence). The Department's interpretation of its own regulation further undermines Taxpayer's assertion that the regulation avails. *See Rio Grande Chapter of Sierra Club v. N.M. Mining Comm'n*, 2003-NMSC-005, ¶ 16, 133 N.M. 97, 61 P.3d 806 (stating that, in resolving ambiguities in a regulation an administrative agency is charged with administering, we defer to the agency's interpretation if it implicates agency expertise). All in all, Taxpayer fails to show that 3.2.116.10 NMAC exempts it from the gross receipts tax and we conclude that it does not.

**IV.     The Department Correctly Assessed Taxpayer, So the Request for Litigation Costs Is Denied**

{26}     Having considered Taxpayer's claim of exemption from the gross receipts tax, we hold that the Department correctly assessed Taxpayer for gross receipts tax on Taxpayer's receipts for the short-term vacation rental of its homes. The tax's application to receipts for short-term vacation rentals of homes harmonizes with Section 7-9-53's statutory scheme of taxing rentals of real property based on transient use. 3.2.110.16 NMAC does not overcome that conclusion.

**{27}** Because Taxpayer does not prevail on appeal, we deny Taxpayer's request for an award of reasonable litigation costs under NMSA 1978, Section 7-1-29.1 (2015).

**CONCLUSION**

**{28}** We affirm.

**{29}** **IT IS SO ORDERED.**


_____
**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

_____
**LINDA M. VANZI, Judge**


_____
**JACQUELINE R. MEDINA, Judge**

14