488 P.2d 1214

EVCO, a New Mexico Corporation, d/b/a Evco Instructional Designs, Appellant,

v.

Franklin JONES, Commissioner of the Bureau of Revenue of the State of New Mexico and the Bureau of Revenue of the State of New Mexico, Appellees.

No. 430.

Court of Appeals of New Mexico.

July 30, 1971.

Rehearing Denied Aug. 24, 1971.

Certiorari Denied Sept. 29, 1971.

Kendall O. Schlenker, Schlenker & Parker, P. A., Gallagher & Walker, Albuquerque, for appellant.

James A. Maloney, Atty. Gen., Richard J. Smith, Anne Bingaman, Asst. Attys. Gen., John C. Cook, Special Asst. Atty. Gen., Santa Fe, for appellees.

## OPINION

OMAN, Justice.

The original opinion by this court in this cause appears in Evco v. Jones, 81 N.M. 724, 472 P.2d 987 (Ct.App.1970). As shown by that opinion, two points were presented to this court for consideration and decision. The second of these points is the one with which we are primarily concerned, and our reconsideration thereof has been occasioned by the following order entered on May 17, 1971, 402 U.S. 969, 91 S.Ct. 1655, 29 L.Ed. 2d 134 by the Supreme Court of the United States:

> "In view of the concessions made in the brief in opposition filed by the Attorney General of New Mexico, and on examination of the record, petition for writ of certiorari is granted, judgment vacated and case remanded to the Court of Appeals of New Mexico for reconsideration in light of the position asserted by the Attorney General in the brief in opposition. The Chief Justice, Mr. Justice Black, Mr. Justice Harlan, and Mr. Justice Stewart are of the opinion that certiorari should be denied."

The following positions were taken by the Attorney General in its said brief in opposition and in oral argument before this court upon rehearing after the remand: (1) because we concluded in our original opinion that the contracts, under which the taxpayer created and furnished reproducible originals of books, manuals, films and magnetic audio tapes to out-of-state purchasers, constituted sales of tangible personal property, rather than contracts for services as contended by the Commissioner, the in-state incidents, or the New Mexico activities of the taxpayer in the performance of these contracts, could not be taxed under the New Mexico Gross Receipts Tax without doing violence to the interstate commerce clause of the Federal Constitution; and (2) because of our determination that these contracts constituted sales, rather than contracts for services, the administrative burdens in apportioning receipts from these contracts are made "immensely more difficult."

A resolution of the question, as to whether the State has exerted its power

in proper proportion to the taxpayer's activities within the State and to its consequent enjoyment of the opportunities and protection which the State has afforded, should not be dependent upon whether the contract under which the activities are performed is a contract of sale or a contract for services. The State may properly exact a constitutionally fair demand for that aspect of interstate commerce to which it bears a special relation. General Motors Corporation v. Washington, 377 U.S. 436, 84 S.Ct. 1564, 12 L.Ed.2d 430 (1964); Bell Telephone Laboratories v. Bureau of Revenue, 78 N.M. 78, 428 P.2d 617 (1966). We fail to understand how a tax on this aspect of interstate commerce can be constitutionally fair and valid if the incidents arise out of a contract for services, but constitutionally unfair and invalid when these same incidents arise out of a contract of sale.

In our opinion taxable incidents are equally apparent and are ascertainable with equal ease whether they arise out of a contract of sale or out of a contract for services. In any event, the relative ease of ascertainment of taxable incidents should not be the primary consideration in determining the validity or invalidity of a tax law.

As pointed out in our prior opinion, there is no question of apportionment in this case, because no question of multiple taxation is involved. The burden of showing the unconstitutionality of a tax upon interstate commerce rests upon the taxpayer. General Motors Corporation v. Washington, supra. In this the taxpayer failed.

We reinstate and reaffirm our opinion in Evco v. Jones, supra.

It is so ordered.

WOOD C. J., and HENDLEY J., concur.