538 P.2d 1198

**MARKHAM ADVERTISING COMPANY,
Appellant,**

v.

**BUREAU OF REVENUE, State of New
Mexico, Appellee.**

**No. 1756.**

Court of Appeals of New Mexico.
June 4, 1975.
Certiorari Denied July 2, 1975.

L. Lamar Parrish, Calvin Hyer, Jr., Ussery, Burciaga & Parrish, Albuquerque, for appellant.

Toney Anaya, Atty. Gen., Santa Fe, Vernon O. Henning, Bureau of Revenue, Asst. Atty. Gen., for appellee.

## OPINION

LOPEZ, Judge.

Taxpayer, Markham Advertising Company, appeals the decision and order of the Commissioner of Revenue assessing gross receipts tax and interest for outdoor advertising (billboard) services rendered in New Mexico. Section 72–16A–4, N.M.S.A.1953 (Repl.Vol. 10, pt. 2, Supp.1973). We affirm.

Taxpayer obtains its gross receipts by posting billboard messages for out-of-state advertisers on signs located within New Mexico. Only New Mexico billboards are involved in this case. The tax in dispute applies to receipts for posting wholly national advertising. Taxpayer claims that this tax is void either (1) because it violates Article I, § 8, Clause 3, of the United States Constitution (the Commerce Clause), or (2) because New Mexico violates the equal protection clause of the United States and New Mexico Constitutions by taxing this taxpayer, while exempting other media forms of advertisers, such as radio and television.

### (1) *Multiple taxation*

Taxpayer raises two sub-issues under the Commerce Clause: (a) whether the tax imposed is an undue burden on interstate commerce, and (b) whether the tax is forbidden because of the possibility of multiple taxation.

The short answer to sub-point (a) is that no interstate activity is being taxed. The taxpayer would have us view his activity as a process (i. e. advertising), the end point of which is the posting of messages on billboards, and thus an exempted interstate activity. We see taxpayer's activity as a service taking place only within the taxing state. Taxpayer's billboards do not move; they are located in New Mexico. As the Supreme Court said. in *Western Live Stock v. Bureau of Revenue,* 303 U.S. 250, 58 S.Ct. 546, 82 L.Ed. 823 (1938) :

". . . Nor is taxation of a local business or occupation which is separate and distinct from the transportation and intercourse which is interstate commerce forbidden merely because in the ordinary course such transportation or intercourse is induced or occasioned by the business. . . ." 303 U.S. at 253, 58 S.Ct. at 547.

■ Taxpayer's service is simply to post messages on billboards located in this state. It is being taxed for displaying, not for advertising. This service is intrastate in character, and thus subject to the gross receipts tax. *New Mexico Newspapers, Inc. v. Bureau of Revenue,* 82 N.M. 436, 483 P.2d 317 (Ct.App.1971).

■ The answer to sub-point (b) follows in that no multiple taxation is possible where the taxable event (i. e., displaying) is not in interstate commerce. The activities of this taxpayer, situated and performing services as it is in New Mexico, are not within the taxing authority of any other state.

■ The instant tax could be declared invalid upon a showing by the taxpayer that multiple taxation would be likely to result and would be likely to unduly burden interstate commerce. Neither showing has been made. *Western Live Stock v. Bureau of Revenue, supra; New Mexico Newspapers, Inc. v. Bureau of Revenue, supra; Spillers v. Commissioner of Revenue,* 82 N.M. 41, 475 P.2d 41 (Ct.App.1970).

Hypothetical situations raised by the taxpayer (e. g., possible taxation of the foreign advertiser in its home state) do not deal with the reality that it is only taxpayer's activity which is being taxed by New Mexico. Therefore, no basis is demonstrated upon which a claim of potential multiple taxation *as to this taxpayer* can be found. See *General Motors Corp. v. Washington,* 377 U.S. 436, 84 S.Ct. 1564, 12 L.Ed.2d 430 (1964).

Absent this possibility of multiple taxation, we find no violation of the Commerce Clause.

(2) *Equal protection*

Under this point, the taxpayer complains because it is taxed for displaying advertising, while other "displayers" are not. Gross receipts regulation 3(F):53 provides:

"Receipts derived from contracts to place advertising on outdoor billboards located within the state of New Mexico are receipts from performing an advertising service in New Mexico. Such receipts are subject to Gross Receipts Tax, regardless of the location of the advertiser."

On the other hand, Bureau of Revenue Ruling No. 71–105–1 provides in part that:

"Receipts of radio or television broadcasting company from broadcasting programs supplied by out-of-state national or regional networks may be deducted from gross receipts. . . . Section 72–16A–14.10, N.M.S.A.1953 (Supp. 1969)."

The effect of this ruling is obviously to exempt broadcasting advertisement displayers in New Mexico from the tax imposed upon the taxpayer in this case. We agree, then, with taxpayer's premise that there is discrimination in the treatment of these different media forms.

■ But the burden is upon the taxpayer to negative every conceivable basis which might support the discriminatory classification. *Michael J. Maloof & Co. v. Bureau of Revenue,* 80 N.M. 485, 458 P.2d 89 (1969). This principle lies in taxation, perhaps as in no other area of the law, because of the implied rational basis underlying every tax statute: that the state has the right, power and duty to raise the necessary funds for its public purposes. See § 72–16A–2, N.M.S.A.1953 (Repl.Vol. 10, pt. 2, Supp.1973).

■ An additional rational basis may be found to apply in this case. Taxpayer's activity of displaying messages takes place entirely within New Mexico. The billboard upon which the sign is posted lies entirely within the physical confines of the state. Broadcasters, on the other hand, generally engage in interstate transmission of their messages. While, in the larger western states, broadcasts by smaller stations *might* not always .cross interstate lines, yet the potential exists for radio and television waves to deliver transitory, interstate communications. Unlike a billboard, a radio message moves, by its very nature. *Fisher's Blend Station, Inc., v. Tax Commission,* 297 U.S. 650, 56 S.Ct. 608, 80 L.Ed. 956 (1936). For this reason, national advertising by local broadcasting stations has long been held exempt from state taxation. *Albuquerque Broadcasting Co. v. Bureau of Revenue,* 51 N.M. 332, 184 P.2d 416 (1947).

We hold that the posting of a national message on a local billboard is an event taxable by the state and is not an undue burden on interstate commerce. We further hold that there is a rational basis for this state to discriminate between the broadcast industry and the outdoor advertising industry in the taxation of displays of these national messages. As the penalty has been abated in this case, the decision of the Commissioner as to tax and interest is now affirmed.

It is so ordered.

SUTIN and HERNANDEZ, JJ., concur.