552 P.2d 233

**MOUNTAIN STATES ADVERTISING, INC., a Colorado Corporation, Appellant,**

v.

**BUREAU OF REVENUE of the State of New Mexico, Appellee.**

**No. 2324.**

Court of Appeals of New Mexico.

June 22, 1976.

Certiorari Denied July 26, 1976.

Arthur H. Coleman, Santa Fe, for appellant.

Toney Anaya, Atty. Gen., Vernon O. Henning, Asst. Atty. Gen., Santa Fe, for appellee.

PER CURIAM:

Upon motion for rehearing by the Bureau of Revenue that the Memorandum Opinion filed be changed to a formal opinion, the motion is granted.

OPINION

SUTIN, Judge.

Taxpayer, a Colorado corporation authorized to do business in New Mexico, appeals a Decision and Order of the Commissioner of Revenue which imposed a gross receipts tax for being engaged in the business of displaying advertising messages on signs erected in New Mexico. We affirm.

Taxpayer is engaged in the business of manufacturing, erecting and maintaining outdoor advertising, primarily directional in nature, throughout eight states in the Rocky Mountain region for national accounts. All employees reside in Colorado. It has no office, warehouse, salesmen, store yards, construction facilities, nor telephone listing in New Mexico. It conducts no sales solicitations in New Mexico, neither negotiates nor signs any contracts in New Mexico, does not bill in New Mexico, and receives no sums in New Mexico.

The material for the signs was purchased in Colorado. A crew from Denver would haul the erection material and the sign face to a location in New Mexico leased from a landowner. Taxpayer has not erected a sign in New Mexico since 1969. All signs were erected in New Mexico by Colorado employees of taxpayer. After the billboard is erected, ten percent of the cost of doing business in New Mexico is expended for sign maintenance. Taxpayer does not pay a gross receipts tax in any other state on the New Mexico display.

A. *Taxpayer is engaged in business in New Mexico.*

The Commissioner decided that the taxpayer was engaged in the business of displaying advertising messages of its customers on outdoor signs located in New Mexico. We agree.

*Markham Advertising Co. v. Bureau of Revenue*, 88 N.M. 176, 538 P.2d 1198 (Ct. App.1975) holds that a local taxpayer who does national billboard display advertising in New Mexico is subject to the Gross Receipts Tax Act. It said:

Taxpayer's service is simply to post messages on billboards located in this state. It is being taxed for displaying, not for advertising. This service is intrastate in character, and thus subject to the gross receipts tax. [538 P.2d at 1199].

This case is controlling. The Gross Receipts Tax Act does not distinguish between a domestic corporation and a foreign corporation. A foreign corporation may be taxed even though it is not authorized to do business in New Mexico.

*Besser Company v. Bureau of Revenue,* 74 N.M. 377, 394 P.2d 141 (1964) ; *Bell Telephone Laboratories v. Bureau of Revenue,* 78 N.M. 78, 428 P.2d 617 (1966).

B. *Taxpayer is not entitled to an apportionment of taxes.*

 The president of taxpayer testified that ten percent of its cost of doing business is sign maintenance; that ninety percent of the money expended in a sign is expended outside of New Mexico. Taxpayer contends that only ten percent of its gross receipts is subject to the tax. We disagree. Taxpayer was confused with relating cost accounting with performance of a service in New Mexico.

Taxpayer argues that such "activities", performed outside New Mexico, are not within the coverage of the statute because "gross receipts" is defined as "the total amount of money or the value of other consideration, received from . . . *performing services in · New Mexico . . . .*" [Emphasis by taxpayer]. Section 72–16A–3(F), N.M.S.A.1953 (Repl. Vol. 10, pt. 2, 1973 Supp.).

Taxpayer relies on *Evco v. Jones,* 81 N. M. 724, 472 P.2d 987 (Ct.App.1970), reinstated, 83 N.M. 110, 488 P.2d 1214 (Ct. App.1971), rev'd, 409 U.S. 91, 93 S.Ct. 349, 34 L.Ed.2d 325 (1972). Our Court said :

As above stated, no effort has been made to impose the tax only upon that portion of the gross receipts which can be attributed to activities performed within New Mexico. However, the taxpayer makes no complaint of this failure to apportion. [81 N.M. at 731, 472 P.2d at 994.].

All activities performed by taxpayer were performed in New Mexico.

After reinstatement, our Court further said :

As pointed out in our prior opinion, there is no question of apportionment in this case, *because no question of multiple taxation is involved.* [Emphasis added] [83 N.M. at 112, 488 P.2d at 1216].

In the instant case, "no question of multiple taxation is involved." Taxpayer misplaced *Evco.*

 Taxpayer, in its corporate income tax returns, included *New Mexico sales* as a factor. It was assessed upon the figures declared. Apportionment between in-state and out-of-state activity does not arise where the tax is levied only upon receipts resulting from the taxpayer's activities in New Mexico. *Bell Telephone Laboratories,* supra.

Taxpayer was not entitled to an apportionment of taxes.

C. *The Bureau is not barred by estoppel.*

 The Commissioner decided that the Bureau of Revenue was not estopped from collecting the tax. Estoppel against the Bureau will be applied if "right and justice demand it" when the Commissioner gives written opinions to the taxpayer that the tax would not be owed under the facts of the case. *United States v. Bureau of Revenue,* 87 N.M. 164, 531 P.2d 212 (Ct.App. 1975).

 Taxpayer says "The evidence is clear that on several occasions, at least prior to 1973, employees of the Bureau consistently reassured Taxpayer that its receipts were not subject to New Mexico gross receipts or similar taxes, and that, based thereupon, Taxpayer did not attempt to pass on the subject tax to its customers, as is the general practice in this State."

Taxpayer failed to point to the record where such evidence could be found. Neither can we find any evidence to support its contention.

D. *Taxpayer's additional claims of error are without merit.*

We have reviewed other claims of error made by taxpayer and find them without merit.

Affirmed.

IT IS SO ORDERED.

HERNANDEZ and LOPEZ, JJ., concur.