558 P.2d 1155

**TIFFANY CONSTRUCTION CO., INC., Appellant,**

v.

**BUREAU OF REVENUE, Appellee.**

**No. 2683.**

Court of Appeals of New Mexico.

Dec. 14, 1976.

Certiorari Denied Jan. 14, 1977.

Thomas L. Grisham, McCulloch, Grisham & Lawless, Albuquerque, for appellant.

Toney Anaya, Atty. Gen., Vernon O. Henning, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

HENDLEY, Judge.

Taxpayer is an Arizona Corporation, headquartered in Phoenix, Arizona, involved in road building activities. The work performed, which involves the instant penalty assessment, was done on the Navajo Reservation within the boundaries of New Mexico. For all practical purposes this was the first road job taxpayer had done in New Mexico.

▉ On appeal taxpayer's sole issue is whether it is subject to a penalty assessment. Section 72–13–82(A), N.M.S.A.1953 (Repl. Vol. 10, pt. 2, 1961, Supp.1975). That section states in part:

"A. In the case of failure, due to negligence or disregard of rules and regulations, but without intent to defraud, to pay when due any amount of tax required to be paid or to file a return regardless of whether or not any tax is due, there shall be added to the amount two per cent [2%] per month or a fraction thereof from the date the tax was due or from the date the return was required to be filed . . . ."

The presumption of correctness section (§ 72–13–32(C), N.M.S.A.1953 (Repl. Vol. 10, pt. 2, 1961, Supp.1975)) also applies to the penalty section. See *Co-Con, Inc. v. Bureau of Revenue,* 87 N.M. 118, 529 P.2d 1239 (Ct.App.1974).

The Bureau by its decision and order held that the instant case was controlled by *G. M. Shupe, Inc. v. Bureau of Revenue,* 89 N.M. 265, 550 P.2d 277 (Ct.App.1976) because:

". . . The only evidence presented by the taxpayer here is that the taxpayer was not aware of its obligation to the State of New Mexico. Here there is no evidence that the taxpayer sought advice from legal or accounting sources, neither did the taxpayer seek information from the Bureau or the attorney general. . . ."

The basic essence of the taxpayer argument is that it was operating upon the ". . . belief that there were no such taxes due and that there were no taxes that they had to file for or register for in the State of New Mexico." Does this belief without further investigation constitute negligence so as to justify the penalty imposed? We hold the taxpayer must do more. See *Gathings v. Bureau of Revenue,* 87 N.M. 334, 533 P.2d 107 (Ct.App.1975).

▉ Every person is charged with the reasonable duty to ascertain the possible tax consequences of his action. This can be done by consultation with one's legal advisor. Depending on the facts, failure to do so may constitute negligence. Section 72–13–82(A), supra. To hold otherwise would be to negate the meaning of the term negligence which is defined as the act of being negligent. Negligent is defined as: "2. indifferent, careless or offhand" (The Random House Dictionary, Unabridged Edition, 1969) or as a "lack of reasonable cause." *Gathings v. Bureau of Revenue,* supra.

Oral argument is unnecessary. Taxpayer's action or lack of action was negligence within the meaning of the act. The decision and order is in accordance with the law and supported by the record.

Affirmed.

IT IS SO ORDERED.

WOOD, C. J., and LOPEZ, J., concur.