592 P.2d 515

**McKINLEY AMBULANCE SERVICE, Appellant,**

v.

**BUREAU OF REVENUE, State of New Mexico, Appellee.**

No. 3454.

Court of Appeals of New Mexico.

Feb. 27, 1979.

Gerald E. Bischoff, Schuelke, Wolf & Rich, Gallup, for appellant.

Jeff Bingaman, Atty. Gen., Richard M. Kopel, Special Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

WOOD, Chief Judge.

After an audit, the Bureau of Revenue assessed a gross receipts tax, penalty and interest in connection with gross receipts of the taxpayer from ambulance services rendered. The taxpayer protested the assessment. After an evidentiary hearing, the commissioner of revenue ruled that the taxpayer was not entitled to most of the deduction claimed. The taxpayer appealed to this Court. The issues involve: (1) the deduction provided by § 7–9–56(A), N.M.S.A. 1978; and (2) a nontaxable transaction certificate.

*Deduction Under Section 7–9–56(A), supra*

The statute provides:

Receipts from transporting persons or property from one point to another in this state may be deducted from gross receipts when such persons or property . . . are being transported in interstate . . . commerce under a single contract.

During the audit period, the taxpayer provided ambulance service under a series of written contracts with the United States Department of Health, Education and Welfare. The ambulance service was provided to and from the Gallup Indian Medical Center on both a regular and emergency basis.

Ambulance service was provided "as needed within the boundaries of McKinley County, New Mexico." In addition, taxpayer provided "other ambulance services that is needed outside the McKinley County boundaries on a per call basis as requested by the Gallup Indian Medical Center."

Some of the ambulance services provided crossed state lines and were in interstate commerce. To the extent the taxpayer showed gross receipts for transportation of passengers "from one state to another state" the deduction was allowed, and the assessment abated to that extent. However, no deduction was allowed for gross receipts based on transportation of passengers entirely within New Mexico.

■ To deduct receipts under § 7–9–56(A), supra, the taxpayer was required to show three items: 1) the receipts must be from transporting persons from one point to another in New Mexico, 2) the transportation must have been in interstate commerce, and 3) the transportation must have been under a single contract.

■ The requirements under items 1 and 3 were met. There was no showing as to the requirement of item 2. The taxpayer claims that because ambulance transportation was provided under a single contract both within New Mexico and interstate, that all receipts under the contract were deductible. We disagree.

*Walter E. Heller & Company of Cal. v. Stephens*, 79 N.M. 74, 439 P.2d 723 (1968) is to the effect that transportation into one state from another is the indispensable test of interstate commerce. *Markham Advertising Co. v. Bureau of Revenue*, 88 N.M. 176, 538 P.2d 1198 (Ct.App.1975) held that the posting of billboard messages, received from out-of-state advertisers, on billboards located within New Mexico was a service taking place only in New Mexico and the gross receipts from posting of the messages were taxable.

■ In transporting persons by ambulance within New Mexico, no interstate journey occurred; there was no interstate commerce as to this transportation. The fact that there was both intrastate and interstate transportation under a single contract did not authorize a deduction under § 7–9–56(A), supra, for receipts attributable to the intrastate transportation. See *Albuquerque Mov. & Stor. Co. v. Commissioner of Rev.*, 82 N.M. 45, 475 P.2d 45 (Ct.App.1970).

*Nontaxable Transaction Certificate*

■ The taxpayer claims he accepted a nontaxable transaction certificate in good faith, and the certificate is conclusive evidence that proceeds from intrastate transportation of ambulance passengers were deductible. The "conclusive evidence" provision of § 7–9–43(A), N.M.S.A.1978 does not apply unless the certificate covered the receipts in question. The receipts in question were receipts from ambulance services within New Mexico.

The certificate in this case was for the "PURCHASE OF SERVICES FOR EXPORT". Under the certificate, the Indian Health Service purchased ambulance service from taxpayer "who will make initial use of the product of the service outside of New Mexico." This certificate did not apply to receipts from the taxpayer's in-state ambulance service.

A statute applicable to the export certificate was § 7–9–57, N.M.S.A.1978. Concerning this export certificate, the commissioner ruled:

9. At the hearing the taxpayer introduced a nontaxable transaction certificate (NTTC) delivered by the Indian Center to the taxpayer. This NTTC (issued by the Bureau pursuant to § 72–16A–14.-12, N.M.S.A.1953 [§ 7–9–57, N.M.S.A. 1978]), provides, that it applies to the "purchase of services by a buyer who will make initial use of the product of the service outside of New Mexico." The taxpayer fails to show how much of the receipts in question are deductible under this NTTC.

As to the taxpayer's burden, see *Chavez v. Commissioner of Revenue*, 82 N.M. 97, 476 P.2d 67 (Ct.App.1970). The propriety of the above-quoted ruling as to the export certificate is not an issue in this appeal.

There being no certificate applicable to the taxpayer's in-state services, the failure to approve a deduction on the basis of receipts from in-state services was not error.

The decision of the Commissioner is affirmed.

IT IS SO ORDERED.

LOPEZ, J., concurs.

SUTIN, J., dissenting.

SUTIN, Judge (dissenting).

I dissent:

Taxpayer was represented at the hearing by its accountant. A misunderstanding arose out of the accountant's presentation of the law applicable to the contract between United States Health Service and taxpayer. The commissioner, unfortunately, was led astray.

Taxpayer was assessed a gross receipts tax, penalty and interest of $6,546.16 for the reporting period of May 1, 1973 through July 31, 1976. The contract in evidence covered the year July 1, 1976 to June 30, 1977. This contract was not applicable. Article II of this contract stated the services that taxpayer would provide. It was limited to emergency ambulance service to the Gallup Indian Medical Center for Indian beneficiaries only when authorized by law enforcement agencies or the Gallup Indian Medical Center. These services covered an area within and outside the boundaries of McKinley County.

Prior to July 1, 1976, the contract was not restricted to McKinley County because the Navajo Reservation did not, until 1976, provide any ambulance services. The annual contract that began in the year 1972 covered an area of 150 miles from towns in Arizona to Gallup, New Mexico. The nearest ambulance to Gallup was located at Holbrook, Arizona. Mr. Trujillo, who owned taxpayer, performed services himself for taxpayer until 1974. He testified that 80% of his trips were to and from Fort Defiance, Window Rock, Sanders and Tohatchi, Arizona and Gallup, New Mexico. Thirty percent of the calls came from Arizona police outside New Mexico. The remainder came from Gallup Indian Medical Center. All of these services were in interstate commerce and not subject to taxation. *Advance Schools, Inc. v. Bureau of Revenue*, 89 N.M. 133, 548 P.2d 95 (Ct.App.1975), Sutin, J., dissenting, rev'd 89 N.M. 79, 547 P.2d 562 (1976). This service continued until the 1976–77 contract was entered into.

All of the information upon which the bureau auditor made its assessment was taken from the Gallup Indian Medical Center (Indian Health Services in Gallup). No showing was made that these receipts were from intrastate calls. This tax was imposed on emergency ambulance service in interstate commerce and was not taxable, and, if taxable, should be limited to 20% of the gross receipts.