770 P.2d 873

**TAXATION AND REVENUE DEPART-MENT, STATE OF NEW MEXICO, Petitioner,**

v.

**BIEN MUR INDIAN MARKET CENTER, INC., Respondent.**

No. 18130.

Supreme Court of New Mexico.

March 27, 1989.

Rehearing Denied April 12, 1989.

Frank D. Katz, Daniel Yohalem, Sp. Asst. Attys. Gen., Santa Fe, for petitioner.

Raymond G. Sanchez, Robert J. Desiderio, Albuquerque, for respondent.

OPINION

RANSOM, Justice.

We granted certiorari to determine whether principles of taxpayer nonculpability or estoppel against the state may affect the period of time in which the Taxation and Revenue Department (Department) may assess and collect unpaid gross receipts taxes on cigarette sales to non-Indians from Bien Mur Indian Market Center, Inc. (Bien Mur). Bien Mur is a federally licensed non-Indian corporation doing business on the Sandia Indian Pueblo. In 1987, the Department entered an order assessing

Bien Mur $611,118.47 in unpaid gross receipts taxes plus interest for the years 1981–1986. The court of appeals determined the Department was precluded from assessing back taxes beyond the three-year period provided in NMSA 1978, Section 7–1–18(A) (Repl.Pamp.1988) and could not rely on the six-year period provided in Section 7–1–18(D) for cases of underreporting in excess of twenty-five percent. Finding the taxpayer had acted reasonably, the court of appeals concluded Bien Mur should not be penalized under the lengthier time provision of Section 7–1–18(D), which the court of appeals found to depend solely on the degree of the taxpayer's culpability in failing to file returns, report income, or pay taxes.

The Department argues that, because the language of the statute does not contain such a requirement, the court of appeals erred in conditioning application of Section 7–1–18(D) on the culpability of the taxpayer. We agree with the Department that application of Section 7–1–18(D) does not turn on the taxpayer's culpability and we hold the court of appeals erred in precluding the Department from applying the longer assessment period under the facts of this case.

Since 1975, Bien Mur has operated a "smoke shop" in addition to its other commercial activities. It has never paid gross receipts taxes on its cigarette sales. Neither, however, did the Department ever attempt to collect these taxes during the eleven years preceding 1986. At a 1987 administrative hearing on Bien Mur's protest of the assessment of unpaid cigarette excise taxes, gross receipts taxes, interest, and penalties, Bien Mur presented testimony by two former Secretaries of the Department that it was the Department's policy not to impose taxes on cigarette sales on Indian reservations. After the United States Supreme Court handed down its opinion in *Washington v. Confederated Tribes of the Colville Indian Reservation*, 447 U.S. 134, 100 S.Ct. 2069, 65 L.Ed.2d 10 (1980) (state could tax on-reservation sales of cigarettes to non-Indians), Bien Mur's attorney contacted the Department's attorney by letter, inquiring whether the De-

partment intended to change its policy. The Department's attorney, replying orally rather than in writing, told Bien Mur's attorney that the Department was seeking legislation to make New Mexico's cigarette excise tax comport with the statute found applicable in *Colville*, and, until such legislation was enacted, the Department contemplated no change in its policy regarding cigarette sales on Indian reservations. In 1981, the Department sought such a change in the law, but the legislation was defeated. Bien Mur's attorney advised, based on the defeat of the legislation and the representations of the Department, that Bien Mur should expect no change in the Department's tax policy.

After the 1987 hearing, the hearing officer recommended the Department forego imposition of almost $3,000,000 in cigarette excise taxes, as well as penalties for nonpayment of gross receipts taxes. In accordance with this recommendation, the Department decided to impose only the amounts owed for unpaid gross receipts taxes plus interest. Bien Mur appealed to the court of appeals, arguing *inter alia* that the Department was estopped from assessing or collecting *any* back taxes because of its policy regarding collection of such taxes on Indian reservations in effect during the years in question and its representations to Bien Mur's attorney. Alternatively, Bien Mur argued the Department was precluded from relying on the longer statute of limitations contained in Section 7–1–18(D), which provides:

> If a taxpayer in a return understates by more than twenty-five percent the amount of his liability for any tax for the period to which the return relates, appropriate assessments may be made by the director at any time within six years from the end of the calendar year in which payment of the tax was due.

The court of appeals held that the Department was not estopped from collecting taxes for the period in question because Bien Mur had received no assurances in writing upon which to rely in accordance with Section 7–1–60, discussed below. However, the court also held it was inap-

propriate to apply the six-year statute of limitations for the assessment of back taxes because Bien Mur, relying on advice of counsel, acted reasonably in expecting that the Department's policy would not change.

■ *Application of Section 7–1–18(D) does not require culpability.* Section 7–1–18 sets out the limitation periods within which the Department may assess back taxes under various circumstances. Section 7–1–18(A) provides that no tax assessment may be made by the Department after three years from the end of the calendar year in which the taxes were due, unless otherwise provided in Section 7–1–18. Section 7–1–18(B) provides the Department may go back ten years from the end of the year in which the taxes were due when a taxpayer files a fraudulent return; Section 7–1–18(C) provides the Department may go back seven years when a taxpayer fails to complete and file a return at all; Section 7–1–18(D) provides the Department may go back six years when a taxpayer understates by more than twenty-five percent the amount of tax liability for the period to which a return relates; and Section 7–1–18(E) gives the Department an additional year to make an assessment if any adjustment in the basis for computation of any federal tax results in liability for a state tax. Of the subsections extending the limitation period, only Section 7–1–18(B), dealing with fraudulent returns, conditions extension of the general three-year period on a determination of the taxpayer's culpability. The other four subsections, including Section 7–1–18(D), are not conditioned on the taxpayer's culpability; rather, their application depends solely on objective facts and circumstances, i.e., nonfiling, underreporting by more than twenty-five percent, or a change in the basis for computation of a federal tax.

Thus, the language in Section 7–1–18(D) does not turn on the taxpayer's *culpability,* but on its *liability,* and the statute as a whole does not lend itself to an interpretation contrary to the express language of Section 7–1–18(D). If the legislature intended to make the extension of the statute of limitations in Section 7–1–18(D) turn on the culpability of the taxpayer, the legislature could have said so in plain language. We do not agree that the extension is penalizing in nature. Section 7–1–69, which provides civil penalties for failure to pay taxes or file a return, contains standards of express negligence and fraud. The Department argues, and we agree, that the various extensions to the general three-year limitation on assessments contained in Section 7–1–18(A) are intended to extend the time subject to assessment, depending on the circumstances under which a taxpayer has not paid taxes for which it was in fact liable.

*Application of equitable principles.* Bien Mur argues that even if application of the six-year limitation period does not turn on the culpability of the taxpayer, the Department does not have unbounded discretion in all cases of underreporting in excess of twenty-five percent to go back more than three years when making the assessment, and that the court of appeals was correct in attempting to apply equitable principles to prevent the Department from exercising discretion to go back six years under the facts here present. The gist of the alternative argument is that the Department is precluded under these facts from applying the six-year limitation period, not because the taxpayer acted reasonably, but because of abuse of discretion by the Department itself. As discussed in the concluding paragraphs of this opinion, we do not agree that the assessment is discretionary. We first, however, address the application of equitable estoppel, as originally argued to the court of appeals, apart from its application to any abuse of discretion.

■ *Application of estoppel.* Generally, principles of equitable estoppel will only be applied against the state when a statute so provides or when "right and justice demand it." *United States v. Bureau of Revenue,* 87 N.M. 164, 166, 531 P.2d 212, 214 (Ct.App.1975) (quoting, *Silver City Consol. School Dist. No. 1 v. Board of Regents,* 75 N.M. 106, 111, 401 P.2d 95, 99 (1965)). This principle has often been regarded as a corollary of the principle of

sovereign immunity; commentators have long suggested that as the latter doctrine wanes in importance, so too should the courts' reluctance to apply equitable estoppel against the state. *See e.g.*, K. Davis, *Administrative Law Treatise*, § 17.09 (1st ed. 1958). Nevertheless, New Mexico cases recognize that, especially in cases involving assessment and collection of taxes, the state will be held estopped only rarely. *Kerr–McGee Nuclear Corp. v. Property Tax Div.*, 95 N.M. 685, 625 P.2d 1202 (Ct. App.1980); *Mountain States Advertising, Inc. v. Bureau of Revenue*, 89 N.M. 331, 552 P.2d 233 (Ct.App.), *cert. denied*, 90 N.M. 8, 558 P.2d 620 (1976); *United States v. Bureau of Revenue.*

Acknowledging the idea that estoppel against the state is disfavored, the court of appeals in *United States v. Bureau of Revenue* nevertheless held the state was estopped from assessing school taxes and compensating taxes when the taxpayer had received written assurances from the Bureau of Revenue over a period of years that such taxes were not to be paid. Subsequent court of appeals cases have emphasized the importance of written statements, but none has relied exclusively on the absence of a writing in holding the state was not estopped. *See Kerr–McGee Nuclear Corp.* (state not estopped when taxpayer failed to show Property Tax Division discriminated against it, failed to produce written opinions addressed to it by the state, and assessment was made pursuant to newly enacted legislative mandate); *Mountain States Advertising, Inc.* (state not estopped from collecting gross receipts tax when taxpayer failed to support factual allegations that Bureau of Taxation employees assured taxpayer its receipts were not subject to gross receipts tax).

One of the elements of equitable estoppel, however, is that the reliance of the party seeking to assert the doctrine was reasonable. *Beverly Enterprises v. Califano*, 446 F.Supp. 599 (D.C.1978); *Waugh v. University of Hawaii*, 63 Haw. 117, 621

P.2d 957 (1981); *Iowa Movers & Warehousemen's Ass'n v. Briggs*, 237 N.W.2d 759 (Iowa), *cert. denied*, 429 U.S. 832, 97 S.Ct. 94, 50 L.Ed.2d 96 (1976). In light of New Mexico's statute providing for estoppel, we hold Bien Mur did not act reasonably in relying on the oral representations of the Department. Section 7-1-60 provides:

> In any proceeding pursuant to the provisions of the Tax Administration Act [Chapter 7, Article 1 NMSA 1978], the director or the division shall be estopped from obtaining or withholding the relief requested if it is shown by the party adverse to the director that his action or inaction complained of was in accordance with any regulation effective during the time the asserted liability for tax arose or in accordance with any ruling addressed to him personally and in writing by the director, unless the ruling had been rendered invalid or had been superseded by regulation or by another ruling similarly addressed at the time the asserted liability for tax arose.

Given the general policy disfavoring application of estoppel against the state in taxation matters and the language of this statute, we agree with the court of appeals that the Department was not estopped from proceeding against Bien Mur.[1]

*Mandatory assessment.* Bien Mur argues that the Department nevertheless has discretion under Section 7-1-18 to go back either three years or six years in making an assessment, and to proceed under the longer limitation period given the equities of this case constitutes an abuse of discretion. We disagree. Section 7-1-17(A) makes assessment mandatory when a taxpayer owes more than ten dollars in unpaid taxes; the various provisions of Section 7-1-18 simply limit the number of years following the filing of a return during which the Department is authorized to exercise this mandate. If the Department *may* make the assessment under one of the provisions in Section 7-1-18, Section 7-1-17(A) mandates the Department *shall* do so

---

**1.** We do not address, however, whether a taxpayer must establish the other elements of equitable estoppel, e.g., reliance, when a regulation or writing are present as required by Section 7-1-60.

when the amount owed is in excess of ten dollars. The use of the word "may" in Section 7–1–18(D), like the use of the words "may not" in Section 7–1–18(A), is conditioned by the mandatory word "shall" in Section 7–1–17(A). Accordingly, Section 7–1–18(D) does not afford the Department discretion to go back only three years rather than six when making an assessment, and principles of estoppel do not affect the Department's application of the longer assessment period.

For the above reasons, the opinion of the court of appeals is reversed to the extent it holds the Department may not assess Bien Mur for unpaid gross receipts taxes under the six-year provision of Section 7–1–18(D).

IT IS SO ORDERED.

SOSA, C.J., and STOWERS, SCARBOROUGH and BACA, JJ., concur.