779 P.2d 982

**EL CENTRO VILLA NURSING CENTER, Appellant,**

v.

**TAXATION AND REVENUE DEPART-MENT OF the STATE OF NEW MEXICO, Appellee.**

**No. 10058.**

Court of Appeals of New Mexico.

Aug. 17, 1989.

Hugo A. Rodriguez, Thomas J. Griego, Behles & Davis, P.C., Albuquerque, for appellant.

Harold D. Stratton, Atty. Gen., Carolyn Wolf, Sp. Ass't. Atty. Gen., Santa Fe, for appellee.

OPINION

ALARID, Judge.

The motion for rehearing filed by appellee in this cause is granted, and the opinion filed previously is hereby withdrawn and the following substituted therefor.

Taxpayer appeals directly to this court from the decision and order of a hearing officer of the Taxation and Revenue Department (department) assessing a penalty for its failure to pay gross receipts tax, which failure the hearing officer found was due to negligence. NMSA 1978, § 7–1–25 (Repl.Pamp.1988); NMSA 1978, § 7–1–69(A) (Repl.Pamp.1988).

The hearing officer correctly presumed that the department's determination that a penalty should be assessed under Section 7–1–69(A) was correct. *See Tiffany Constr. Co. v. Bureau of Revenue,* 90 N.M. 16, 558 P.2d 1155 (Ct.App.1976); NMSA 1978, § 7–1–17(C) (Repl. Pamp. 1988). Having reviewed the proceedings before the hearing officer, we find that taxpayer did not carry its burden of overcoming this presumption of correctness. *See Archuleta v. O'Cheskey,* 84 N.M. 428, 504 P.2d 638 (Ct.App.1972); *McConnell v.*

*State ex rel. Bureau of Revenue,* 83 N.M. 386, 492 P.2d 1003 (Ct.App.1971).

Taxpayer asserts all three grounds under which this court may set aside a decision and order of the department under Section 7–1–25(D). We have considered the whole record, *Duke City Lumber Co. v. New Mexico Envt'l Improvement Bd.,* 101 N.M. 291, 681 P.2d 717 (1984), including evidence contrary to the factual findings of the hearing officer. *See Trujillo v. Employment Sec. Dep't,* 105 N.M. 467, 734 P.2d 245 (Ct.App.1987). We determine that the finding that failure to pay the tax was due to negligence is supported by substantial evidence, justifying imposition of a penalty under Section 7–1–69(A). Having considered taxpayer's arguments concerning the appropriate standard for determining whether a failure to pay tax is due to negligence, we conclude that the arguments are based on misconceptions and a disregard for applicable New Mexico tax law. We find that the decision and order is in accordance with New Mexico law. Finally, based on the hearing officer's findings of the combined negligence of both taxpayer and its accountant and of the agency relationship between them, we reject taxpayer's contention that imposition of the penalty in this case is arbitrary and capricious. Accordingly, we affirm the decision and order.

## STANDARD FOR DETERMINING WHETHER A PENALTY SHOULD BE ASSESSED UNDER SECTION 7–1–69(A)

Contrary to taxpayer's reliance on *Gathings v. Bureau of Revenue,* 87 N.M. 334, 533 P.2d 107 (Ct.App.1975), this court did not hold that "negligence" in Section 7–1–69(A) is to be equated with "lack of reasonable cause," for which a penalty is assessed under federal law, 26 U.S.C. § 6651(a) (Supp.Pamp.1988), in all cases. In *Gathings,* taxpayers asserted reasonable cause for failure to pay taxes and this court weighed that cause against evidence of the taxpayer's negligence on agreement of the parties. *Gathings* is similar to this case in that, here too, taxpayer asserts reasonable cause for its failure to pay taxes: reasonable reliance on its accounting system and

its accountant. The hearing officer expressly considered taxpayer's assertions of reasonable cause and applied the same definition of the term "negligence" that this court applied in *Gathings.*

Under the statutory definition of negligence, it is inappropriate to impose a penalty where the taxpayer has acted reasonably in failing to report income or to pay taxes. But we find that taxpayer failed to show the hearing officer that it acted reasonably in not reporting the Medicaid readjustment to income payments as gross receipts. Further, we disagree with taxpayer's contention that the hearing officer did not consider its assertion of reasonable cause. The only reference we find to federal law in the taped proceedings is the argument by taxpayer's accountant, Mr. Bennett, that taxpayer should not be held liable for a penalty when it has relied in good faith on its expert to properly report. Under Tax Administration Regulation 69:4(d), if the taxpayer proves that its failure to pay tax was caused by its reasonable reliance on the advice of an accountant as to its tax liability, the hearing officer may determine that taxpayer should not be penalized under Section 7–1–69(A). The hearing officer in this case specifically considered whether taxpayer made the showing of reasonable cause described under Regulation 69:4(d), and concluded that it had not. Having considered the evidence in this case, we agree that the hearing officer could find that taxpayer did not reasonably rely on advice of its accountant in failing to pay gross receipts tax.

Taxpayer admits that it did not specifically inquire as to its tax liability on the particular payments received from the Department of Human Services in December 1983 and November 1984. Mr. Bennett did not give taxpayer erroneous advice. He testified that, if he had been aware of the payments, he would have advised that they be properly reported as gross receipts. Beyond taxpayer's mere failure to inquire as to these particular payments, we find substantial evidence exists to support the finding that it was not reasonable for taxpayer to rely on the December 1983 and Novem-

ber 1984 reports. According to the accountant's testimony, taxpayer reviewed the monthly reports and failed to inquire about the reporting of the payments as cost reimbursements. Taxpayer should have known that it had received large payments, especially in November 1984, no different in character than the Medicaid income received monthly throughout the year and reported monthly as gross receipts, and that the same readjustment payments were reported in 1982 as gross receipts. Given taxpayer's knowledge of the character and size of the income payments in question, taxpayer cannot be said to have reasonably relied on the incorrect reports as advice of its accountant. *Compare Taxation & Revenue Dep't v. Bien Mur Indian Mkt. Center, Inc.*, 108 N.M. 228, 770 P.2d 873 (1989) (considering assertion of reasonable reliance on oral representations of department and advice of attorney). The finding that taxpayer did not establish that the failure to pay tax could be excused by the reasonable cause described in Regulation 69:4(d) is supported by substantial evidence.

Under federal tax law, a penalty is imposed for failure to file a return on certain income on the prescribed date, "unless it is shown that such a failure is due to reasonable cause and not due to willful neglect." § 6651(a). Under New Mexico law, cause for the failure to pay tax may abrogate the penalty otherwise imposed under Section 7–1–69(A), under Regulation 69:4. As applied to the facts of this case, the resemblance between the grounds for imposition of a penalty under the New Mexico statute and federal law stops there. Section 7–1–69(A) provides that a penalty shall be imposed "[i]n the case of failure, *due to negligence* or disregard of rules and regulations, but without intent to defraud, to pay when due any amount of tax required to be paid." (Emphasis added.) *See Taxation & Revenue Dep't v. Bien Mur Indian Mkt. Center, Inc.* The federal statute does not penalize the taxpayer for negligent failure to pay taxes when due. It would, therefore, be inconsistent with Section 7–1–69(A) for this court to look to federal case law, arising under Section 6651(a), to determine

whether taxpayer should be penalized. We consider the facts of this case against the definition of the term "negligence" provided specifically for use in proceedings under Section 7–1–69(A) by T.A. Regulation 69:3. *See* NMSA 1978, § 7–1–5(A) (Repl.Pamp. 1983).

It is apparent from the taped proceedings that taxpayer's advocate, its accountant, did not understand the meaning of the term "negligence," either generally or as specifically defined in Regulation 69:3. He admitted that taxpayer's accounting system failed in December 1983 and November 1984 to produce correct monthly reports and to properly determine taxpayer's gross receipts tax liability, but stated that this was due to "human error," which he did not characterize as negligence. Taxpayer continues the misconception about when failure to pay tax can be penalized under Section 7–1–69(A) by disregarding any accepted definition of negligence and asserting that it is unfair to penalize a taxpayer for inadvertent error.

Taxpayer does not challenge the definition provided in Regulation 69:3(c), but cites *Willis v. Commissioner of Internal Revenue*, 736 F.2d 134 (4th Cir.1984), for' its holding that inadvertent error constitutes "reasonable cause" under Section 6651(a). As should be apparent from Regulation 69:3(c), a penalty is imposed under New Mexico law for inadvertent error. Thus, taxpayer's reliance on the law stated in *Willis* is misplaced. Also, the rule in *Rohrabaugh v. United States*, 611 F.2d 211 (7th Cir.1979), that a penalty should be imposed under federal revenue law only if the failure is intentional as opposed to accidental, cannot be applied to cases arising under our statute. Section 7–1–69(A) is designed specifically to penalize unintentional failure to pay tax. *See Tiffany Constr. Co. v. Bureau of Revenue* (negligence in Section 7–1–69(A) is defined as the act of being negligent). Taxpayer is incorrect in arguing that the department makes no distinction between inadvertency and willful omissions. New Mexico law provides for a different, much more severe

798

penalty for intentional failure to pay tax. *See* § 7–1–69(B).

Taxpayer admits that the cause of its failure to pay tax was inadvertent error, thereby admitting that the cause was negligence as defined by Regulation 69:3(c). In addition, the hearing officer could find that taxpayer's review of the December 1983 and November 1984 monthly reports was careless; failure to catch the omission of the payments from gross receipts was due to taxpayer's inattention: and its failure to question the correctness of the reports was based on an erroneous belief that, if it gave its accountant all necessary information, every tax return prepared by his office would be correct. *Id.* Further, taxpayer's failure to specifically bring the unusual and large payments to the attention of its accountant constitutes inaction by taxpayers where action would reasonably be required. Reg. 69:3(b). *See also Tiffany Constr. Co. v. Bureau of Revenue* (failure to consult with an expert as to tax liability may itself constitute negligence). Finally, we are not persuaded that taxpayer's efforts to "exercise that degree of ordinary business care and prudence which reasonable taxpayers would exercise" in handling its responsibilities generally excuses the failure to act with ordinary business care and prudence in the circumstances of the December 1983 and November 1984 payments. Reg. 69:3(a). The accounting system that taxpayer insists it took an active part in setting up failed to account for large and unusual increases in gross receipts and so was inadequate under the circumstances. *See Archuleta v. O'Cheskey.* In summary, we find substantial evidence to support the hearing officer's finding that the failure to pay tax was due to negligence, no matter which of the three definitions in Regulation 69:3 the hearing officer applied.

## NEGLIGENCE OF TAXPAYER'S ACCOUNTANT

■ It should be apparent from our discussion above that the failure to pay the tax was due as much to taxpayer's inattention as to negligence on the part of its accountant. Mr. Bennett admitted that his training of the subordinate who prepared the erroneous reports and his review of her work was inadequate to prevent her "error in judgment." He also testified that, after the errors were revealed by the department's audit, he altered the system of review to prevent such errors. Although the accounting system included the "checks and balances" taxpayer relies upon to show why the errors should not have occurred, the accountant's negligence in training and reviewing the work of his subordinate overrode those checks and balances. We therefore hold the hearing officer's finding that the failure to pay tax was due in part to accountant's own negligence in implementing taxpayer's accounting system is supported by substantial evidence.

Taxpayer provides no basis for this court to determine that the hearing officer's holding it responsible for the negligence of its agent, in combination with its own negligence, is contrary to New Mexico law of agency. Taxpayer admits on appeal and Mr. Bennett conceded at the hearing that the accountant was acting as taxpayer's agent in implementing its accounting system and in reporting its income to the department. In this case, the accountant was more than an independent contractor, *see Chevron Oil Co. v. Sutton,* 85 N.M. 679, 515 P.2d 1283 (1973), and the rule that a general contractor is not generally liable for the negligence of its independent contractor does not apply to the facts of this case. *See Clear v. Patterson,* 80 N.M. 654, 459 P.2d 358 (Ct.App.1969). *Samedan Oil Corp. v. Neeld,* 91 N.M. 599, 577 P.2d 1245 (1978), does not apply in this case because, as discussed above, the penalty imposed under Section 7–1–69(A) bears no resemblance to punitive or exemplary damages, which are limited to punishment of conduct that is intentional. *Id.*

■ Neither are we persuaded by taxpayer's reliance on *Haywood Lumber & Mining Co. v. Commissioner of Internal Revenue,* 178 F.2d 769 (2d Cir.1950). On the facts in *Gathings,* it was unnecessary for this court to reconcile the contradictory positions taken by the federal courts on whether a taxpayer can shift all responsibility for failure to pay tax to an accountant. In that case, the failure to pay tax

was due entirely to taxpayer's error and, as we find in this case, not on the taxpayer's asserted reliance on the advice of their accountant. Since *Gathings*, this court has held that "[e]very person is charged with the reasonable duty to ascertain the possible tax consequences of his action [or inaction]." *Tiffany Constr. Co. v. Bureau of Revenue*, 90 N.M. at 17, 558 P.2d at 1156. We are not inclined to hold that the taxpayer can abdicate this responsibility merely by appointing an accountant as its agent in tax matters.

For the above stated reasons, we affirm the assessment of a penalty against taxpayer for failure to pay tax due in December 1983 and November 1984. Taxpayer shall pay the costs of appeal.

IT IS SO ORDERED.

BIVINS, C.J., and MINZNER, J., concur.